IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| GARY LYNN PHILLIPS,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>STATE OF MONTANA, et. al.,<br><br>　　　　　Defendants. | Cause No.  CV 09-00078-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

　　　This matter comes before the Court on Plaintiff Gary Lynn Phillips's Complaint filed June 2, 2009.  (Document 2).  On June 24, 2009, the Court issued an Order granting Phillips leave to proceed in forma pauperis, finding that Phillips's Complaint failed to state a claim upon which relief could be granted, and allowing Phillips an opportunity to file an amended complaint.  (Document 5).  On July 8, 2009, Phillips filed a notice with the Court indicating the Court's Order

and the form for filing an amended complaint had been received but was not accepted. Phillips further indicated there was no need for him to communicate until process had been legally served.

### A. ANALYSIS

Phillips's Complaint sought to challenge Flathead County's personal and subject matter jurisdiction over him as it pertains to his state criminal conviction. The Court found that Phillips's Complaint failed to state a claim upon which relief may be granted and was probably barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Phillips was given the opportunity to amend his Complaint, he refused to do so. Accordingly, for the reasons set forth in the Court's Order of June 24, 2009, Phillips's Complaint will be recommended for dismissal.

### B. "STRIKE" UNDER 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Phillips's allegations (after being provided

an opportunity to amend) fail to state a claim upon which relief may be granted.

### C.  CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit."

*Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

Phillips's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.  Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### D. ADDRESS CHANGES

At all times during the pendency of these actions, Phillips SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date.  The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATION

1.  Phillips's Complaint should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Phillips failed to state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Phillips may serve and file written objections to this Findings and Recommendation within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District

Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of July, 2009.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge