

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| GARY LYNN PHILLIPS, | ) | CV 09-78-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Phillips is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this matter on July 15, 2009. Judge Lynch recommended dismissing Phillips' complaint for failure to state a claim upon which relief may be granted. Plaintiff timely objected on July 24, 2009.[1]

---

[1] Phillips filed a motion (dkt #9) for court intervention and an extension of time, asserting he was being prevented from mailing the objections. However, the objections were timely, and

-1-

Therefore, he is entitled to <u>de novo</u> review of those portions of the Findings and Recommendation to which he objected. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. <u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981).

Phillips' complaint attempts to challenge Flathead County's jurisdiction over him in regard to a criminal conviction. On June 24, 2009, Judge Lynch entered an Order directing Phillips to file an amended complaint by July 17, 2009, because the initial complaint failed to state a claim for relief. Judge Lynch found the complaint was insufficient because, while Phillips engaged in a lengthy diatribe, he failed to allege any facts that would show the state court lacked jurisdiction over him. Phillips then filed a notice that he had received but did not accept Judge Lynch's Order, and he has not filed an amended complaint. Because Phillips did not amend his complaint to allege a claim for relief, Judge Lynch now recommends dismissing the complaint.

I agree with Judge Lynch that Phillips' complaint must be dismissed for failure to state a claim upon which relief may be granted. Phillips has filed lengthy objections, but they fail to demonstrate that Judge Lynch's findings and

---

they have been filed and considered by the Court. Therefore, the motion is moot.

recommendations are incorrect, nor do they offer facts to support Phillips' claim for relief. The objections consist only of citations to various cases regarding jurisdiction and blanket assertions that the Court has incorrectly applied the law. Phillips has not set forth any facts to show that he is entitled to relief, and the complaint must be dismissed. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #8) are adopted in full. Phillips's Complaint (dkt #2) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Phillips's motion (dkt #9) is DENIED as moot.

The Clerk of Court is directed to close this matter and to enter judgment pursuant to Fed. R. Civ. P. 58.

The Clerk of Court is further directed to have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Phillips failed to state a claim upon which relief may be granted.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.

Dated this 13th day of August, 2009.

Donald W. Molloy, District Judge
United States District Court